**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| PALM BAY POLICE AND FIREFIGHTERS' PENSION FUND, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC., GARY NORCROSS, JAMES WOODALL, and STEPHANIE FERRIS,<br><br>     Defendants. | No. 3:23-cv-00252<br><br>Honorable Timothy J. Corrigan<br><br>Honorable Patricia D. Barksdale |

**JOINT MOTION TO STAY FILING OF CASE MANAGEMENT REPORT AND RELATED DEADLINES AND FOR ENTRY OF SCHEDULING ORDER WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff Palm Bay Police and Firefighters' Pension Fund ("Plaintiff") and Defendants Fidelity National Information Services, Inc., Stephanie Ferris, Gary Norcross, and James Woodall (together, "Defendants" and, with Plaintiff, the "Parties") jointly move this Court for an order (i) staying the filing of a case management report and relieving the Parties from the requirements of Local Rule 3.02, and (ii) establishing a schedule for the filing of any amended or consolidated complaint, Defendants' response thereto, and related briefing.

## I.   <u>INTRODUCTION</u>

On March 6, 2023, Plaintiff filed a putative securities class action complaint (the "Complaint") against Defendants. The Complaint asserts federal securities claims arising under the Securities Exchange Act of 1934 and governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* 15 U.S.C. § 78u-4 *et seq.* Plaintiff served the Complaint on April 14, 2023, and Defendants' current deadline to move to dismiss or otherwise respond to the Complaint is May 5, 2023. As set forth herein, a stay of all discovery deadlines, including all case management and discovery deadlines, and establishing a pleading and related briefing schedule are in the interest of judicial economy.

## II.   <u>INCORPORATED MEMORANDUM OF LAW</u>

The requested stay is warranted here. Specifically, the PSLRA sets forth procedures governing the early stages of securities class action lawsuits such as this. First, Plaintiff must publish a notice advising putative class members of the action. 15 U.S.C. § 78u-4(a)(3)(A)(i). Members of the putative class may file a motion to serve as lead plaintiff within 60 days after the notice is published. *Id.* Therefore, the deadline for motions is May 5, 2023. After the Court appoints a lead plaintiff, the lead plaintiff may file an amended or consolidated complaint, or may designate the original complaint as the operative complaint.

The PSLRA also requires a stay of discovery pending resolution of a motion to dismiss the operative complaint. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss"); *see also Edge v. Tupperware Brands Corp.*, No. 6:22-CV-1518-RBD-LHP, 2022 WL 6726758, at *1 (M.D. Fla. Oct. 11, 2022) (quoting *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1091 (11th Cir. 2002) ("The PSLRA also required a mandatory stay of discovery until the district court could determine the legal sufficiency of the class action claims.")).[1] Thus, pending the resolution of any motion to dismiss, the Parties are not permitted to conduct discovery, including the disclosures required under the Local Rules and Federal Rule of Civil Procedure 26.2. As such, the Parties request that the Court relieve them from the initial case management requirements of Local Rule 3.02.

Moreover, given the procedures under the PSLRA for appointment of a lead plaintiff, it is unclear at this time who will ultimately have the authority to act on behalf of the putative class, or whether the Court-appointed lead plaintiff will file an amended complaint, file a consolidated complaint, or rely on the initial Complaint.

---

[1] Even if the PSLRA did not apply, this Court has "broad discretion to stay proceedings," including when a stay will reduce the burden on the parties and will not unduly prejudice or disadvantage a party. *Stanton v. Wells Fargo & Co.*, No. 8:16-cv-3318-T-36JSS, 2017 WL 3701143, at *1 (M.D. Fla. Jan. 23, 2017); *see also, e.g.*, *Mohit v. West*, No. 8:20-CV-813-T-33SPF, 2020 WL 4547891, at *4 (M.D. Fla. Aug. 6, 2020).

Accordingly, in the interest of efficiency and to avoid unnecessary expense to the Parties and unnecessary expenditure of time by the Court, the Parties request entry of an Order establishing the following schedule:

| EVENT | DATE |
|---|---|
| The Court-appointed lead plaintiff shall file an amended or consolidated complaint or, alternatively, shall designate the initial Complaint as the operative complaint. | 60 days after the Court appoints lead plaintiff |
| Defendants shall move to dismiss, answer, or otherwise respond to the operative complaint. | 60 days after the Court-appointed lead plaintiff (i) files an amended or consolidated complaint, or (ii) designates the initial Complaint as the operative complaint |
| The Court-appointed lead plaintiff shall respond to any motion to dismiss. | 60 days from the filing of any motion to dismiss |
| Defendants shall file any reply in support of a motion to dismiss. | 45 days from the filing of the lead plaintiff's response to any motion to dismiss |

After lead plaintiff is appointed, Defendants shall confer with the lead plaintiff counsel regarding the above-proposed schedule and may move the Court for entry of a proposed amended schedule within 14 days after the lead plaintiff's appointment (if lead plaintiff is represented by counsel other than the undersigned counsel).

4

WHEREFORE, the Parties respectfully request that the Court enter an order (i) staying the filing of a case management report and relieving the Parties from the requirements of Local Rule 3.02, and (ii) establishing the above-proposed schedule.

Dated: April 28, 2023                              Respectfully submitted,

/s/ R. Eric Bilik                                  /s/ Lester Hooker (w/permission)
R. Eric Bilik (FL Bar No. 987840)                  Maya Saxena (FL Bar No. 95494)
MCGUIREWOODS LLP                                   Joseph E. White, III (FL Bar No. 621064)
50 North Laura Street                              Lester Hooker (FL Bar No. 32242)
Suite 3300                                         SAXENA WHITE P.A.
Jacksonville, FL 32202                             7777 Glades Road, Suite 300
T: (904) 798-2685                                  Boca Raton, FL 33434
F: (904) 360 6304                                  T: (561) 394-3399
ebilik@mcguirewoods.com                            F: (561) 394-3382
                                                   msaxena@saxenawhite.com
                                                   jwhite@saxenawhite.com
Ian M. Ross (FL Bar No. 91214)                     lhooker@saxenawhite.com
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131                                    *Counsel for Plaintiff*
T: (305) 391-5100
F: (305) 391-5191                                  Robert D. Klausner (FL Bar No. 244082)
iross@sidley.com                                   Stuart A. Kaufman (FL Bar No. 979211)
                                                   KLAUSNER KAUFMAN JENSEN
                                                   & LEVINSON
Hille R. Sheppard*                                 7080 Northwest 4th Street
John M. Skakun III*                                Plantation, FL 33317
Caroline A. Wong*                                  T: (954) 916-1202
* *Application for Local Rule 2.01*                bob@robertdklausner.com
*Special Admission forthcoming*                    stu@robertdklausner.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603                                  *Additional Counsel for Plaintiff*
T: (312) 853-7000
F: (312) 853-7036
hsheppard@sidley.com
jskakun@sidley.com
caroline.wong@sidley.com

*Counsel for Defendants*

6

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the Parties certify that they conferred with each other via telephone on April 18, 2023, and via email on April 24 and 26, 2023, and all Parties consent to the relief requested herein.

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ R. Eric Bilik*