**Exhibit C**

**JOINT DECLARATION OF JOSHUA SHASSERRE AND BENJAMIN GARNER IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF <u>SELECTION OF LEAD COUNSEL</u>**

Pursuant to 28 U.S.C. § 1746, the undersigned declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of Nebraska Investment Council ("Nebraska") and the North Carolina Retirement Systems and the North Carolina Supplemental Retirement Plans ("North Carolina") for appointment as Lead Plaintiff in the securities class action litigation against Fidelity National Information Services, Inc. ("Fidelity National" or the "Company") and certain of the Company's former and current senior executives (collectively, "Defendants"), and approval of Nebraska and North Carolina's selection of Labaton Sucharow LLP ("Labaton Sucharow") to serve as Lead Counsel for the proposed Class.

2.      We, and colleagues of ours at our respective institutions, are informed of and understand the requirements and duties of the Lead Plaintiff imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel, and overseeing the prosecution of the Fidelity National litigation.  We each have personal knowledge regarding the facts set forth in this Joint Declaration relating to the entity or movant with which we are individually associated.  We submit this Joint Declaration in support of Nebraska

and North Carolina's motion for consolidation, appointment as Lead Plaintiff and approval of selection of Lead Counsel in *Palm Bay Police and Firefighters' Pension Fund v. Fidelity National Information Services, Inc.*, No. 23-cv-00252 (M.D. Fla. Mar. 6, 2023) (the "Action").

3.      I, Joshua Shasserre, serve as Chief of Staff in the Office of the Attorney General of the State of Nebraska.  The Attorney General is statutorily authorized to represent Nebraska in this litigation and I am authorized to make this Joint Declaration on its behalf.  Nebraska purchased Fidelity National common stock as set forth in my Certification that accompanies this motion.  Nebraska understands that this case is governed by the PSLRA, and is familiar with the obligations and fiduciary responsibilities owed to a class having previously served as a Lead Plaintiff in federal securities class actions, such as in *In re Okta, Inc. Securities Litigation*, No. 22-cv-02990 (N.D. Cal.) (ongoing).

4.      I, Benjamin Garner, serve as General Counsel for the Treasurer of the State of North Carolina and am authorized to make this Joint Declaration on behalf of North Carolina.  North Carolina purchased Fidelity National common stock as set forth in my Certification that accompanies this motion.  North Carolina understands that this case is governed by the PSLRA, and is familiar with the obligations and fiduciary responsibilities owed to a class having previously served as a Lead Plaintiff

in federal securities class actions, such as in *In re Facebook, Inc., IPO Securities and Derivative Litigation*, No. 12-md-02389 (S.D.N.Y.) (settled for $35 million).

5.      Nebraska and North Carolina are strongly motivated to recover the significant losses that each institution and the Class suffered as a result of Defendants' violations of federal securities laws. Our primary goal in seeking appointment as Lead Plaintiff is to ensure that this litigation is supervised by experienced and sophisticated institutional investors and efficiently litigated by well-qualified counsel, in order to achieve the best possible recovery for all Class members from all potentially culpable parties. Further, Nebraska and North Carolina are committed to addressing the misconduct alleged in this case, which raises concerns about the integrity of public markets and threatens the interests of institutional investors. We believe that the prosecution of this litigation should be entrusted to experienced institutional investors that have a significant financial interest in the claims against Defendants and are committed to ensuring the lawsuit is litigated as zealously and efficiently as possible, in accordance with their duties under the PSLRA.

6.      In that regard, Nebraska has already taken significant steps to protect Class members' interests in this case. Nebraska discussed with its counsel, Labaton Sucharow, the first-filed complaint in this Action, and directed counsel to conduct a thorough investigation of the allegations, which has yielded testimony from multiple

3

confidential sources, including former employees of the Company, that corroborates and advances the factual allegations that will be necessary for the Court-appointed Lead Plaintiff to successfully plead violations of the federal securities laws under the PSLRA. Nebraska and its counsel identified several misrepresentations made by Defendants not pled in the first-filed complaint which would allow plaintiffs to expand the class period. This would allow investors to potentially recover additional losses on Fidelity National common stock purchased prior to the class period pled in the first-filed complaint and strengthen plaintiffs' chances of successfully pleading and proving securities fraud against the Defendants.

7. To best protect the interests of Nebraska and other similarly situated investors, Nebraska, through its counsel Labaton Sucharow, stepped forward and filed an expanded complaint in this District against Defendants expanding the claims asserted in the first-filed complaint and expanding the class period. Nebraska then issued a press release informing Fidelity National investors of the expanded claims asserted in the new complaint and reiterated the May 5, 2023 deadline by which investors could seek Lead Plaintiff appointment.

8. Based on these circumstances, North Carolina felt it even more important for it to work together with Nebraska as part of a small, cohesive group to seek appointment as Lead Plaintiff. In the interim, Nebraska and North Carolina

4

have received several privileged updates from counsel regarding its ongoing investigation into the Action.

9.    For these reasons, and after additional diligence, Nebraska and North Carolina each independently determined that our funds could best achieve our shared goals of securing the maximum potential recovery for Fidelity National investors by seeking joint appointment as Lead Plaintiff, and that our partnership would ensure the Class was represented by highly qualified counsel.

10.    We understand that the PSLRA and courts permit small, cohesive groups of investors to serve as Lead Plaintiff that function separate and apart from their lawyers and that are able to direct the litigation in the best interests of the class. To that end, we believe that in this case a small group of two investors fits these criteria. We intend to prosecute the litigation in a collaborative and cohesive manner that is independent from counsel. Because we have incurred significant losses as a result of the alleged misconduct and share the common goal of ensuring that this Action is prosecuted diligently, we believe that our joint prosecution of this litigation will benefit the Class.

11.    In order to formalize our joint leadership of this Action, on May 3, 2023, we convened a joint conference call, during which we discussed a number of matters, including: the allegations in the complaints; our counsel's proprietary investigative efforts into the alleged misconduct; the PSLRA's Lead Plaintiff

5

appointment process and our obligations in connection therewith; the benefits of working together to jointly prosecute the litigation in a collaborative and cohesive manner; the advantages of having Labaton Sucharow, an experienced and renowned counsel, serve as Lead Counsel; and procedures and mechanisms for communication and decision-making that will ensure that the proposed Class will benefit from our supervision of counsel. We discussed our shared views that the prosecution of this case should be entrusted to parties that are sophisticated, that have substantial resources, and that have a significant financial interest in the claims asserted to ensure that this Action is litigated as zealously and efficiently as possible. Nebraska and North Carolina agree that our collective resources, experience leading securities class actions (including serving as co-Lead Plaintiffs with other institutional investors), and our ability to engage in joint decision-making will materially benefit and advance the interests of the Class in this case.

12. We will exercise joint decision-making and work together in this litigation to actively monitor the activities of counsel to ensure that the litigation is prosecuted in the best interests of the Class. Based on our experience serving as Lead Plaintiff, we have established procedures for overseeing the progress of the litigation and communicating both separate and apart from and with counsel as necessary. This includes reviewing and discussing case filings and other developments with our counsel, as well as other measures that will ensure the work

counsel performs is in the best interests of the Class.  We will also, as necessary, confer with and without counsel to ensure that we are able to make timely decisions and have a mechanism to resolve any disagreement regarding the prosecution of the Action.

13.    Moreover, Nebraska and North Carolina are highly motivated to recover our respective substantial losses and intend to share our perspectives, experiences, and resources to direct this litigation.  To this end, we have discussed with each other the importance of joint decision-making, open communication, and the ability to confer, with or without counsel, via telephone and email on short notice to ensure that we are able to make timely decisions.  Among other things, Nebraska and North Carolina have each designated dedicated and experienced personnel who will oversee this matter and are available to confer via telephone and email to ensure that Nebraska and North Carolina are able to make timely decisions.  We have also instructed Labaton Sucharow to provide us with regular updates on the progress of its investigation and the litigation.

14.    We understand that it is the Lead Plaintiff's obligation under the PSLRA to select qualified Lead Counsel and to supervise Lead Counsel's prosecution of this case to ensure that the Action is prosecuted without unreasonable expense or cost.  We have instructed Labaton Sucharow that the Action be prosecuted efficiently and in a cost-effective manner and are confident that our

counsel understands our mandate.  Furthermore, we have negotiated a retainer with Labaton Sucharow that provides for a reasonable fee request to the Court for approval if the Action is successful.

15.    We have directed counsel to advise us of all developments during the Lead Plaintiff motion process as well as to provide us with updates regarding counsel's ongoing investigation. We will continue to direct counsel and actively oversee the prosecution of this Action for the benefit of the proposed Class by reviewing pleadings and holding joint calls with and without counsel as needed, among other things.  Furthermore, we have instructed counsel to provide us with monthly or quarterly updates on the progress of the litigation, or as frequently as is otherwise necessary.

16.    We are aware that Labaton Sucharow is a highly accomplished, well-regarded law firm with a history of achieving impressive settlements and corporate governance reforms in securities class actions.  We fully believe that counsel will prosecute this litigation in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the Class.  That belief is based, in part, on Labaton Sucharow's track record of obtaining significant recoveries for plaintiffs in securities class actions like this case.  We have been advised that counsel has made progress in investigating the relevant claims, including interviewing a number of witnesses who have provided evidence that may be included in an amended complaint, and we

have been apprised of the progress of counsel's investigation via phone calls, emails, and reports.  We have instructed counsel to continue this investigation of the Class' claims and keep each of us abreast of the ongoing investigation.

17.    We are committed to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with and overseeing counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations and hearings as necessary, and reviewing and authorizing the filing of important litigation documents.  Through these and other measures, we will ensure and hereby reaffirm that the Action will be vigorously prosecuted consistent with the PSLRA's Lead Plaintiff obligations and in the best interests of the Class.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Nebraska Investment Council are true and correct to the best of my knowledge.  Executed this 4th day of May 2023.

DocuSigned by:

*Joshua Shasserre*

A7E09A8BAEC54AC...

Joshua Shasserre
Chief of Staff
Office of the Attorney General of the State of Nebraska, on behalf of Nebraska Investment Council

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to the North Carolina Retirement Systems and the North Carolina Supplemental Retirement Plans are true and correct to the best of my knowledge. Executed this 4th day of May 2023.

Benjamin Garner
General Counsel
Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems and the North Carolina Supplemental Retirement Plans