**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PALM BAY POLICE AND
FIREFIGHTERS' PENSION FUND,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.                                                                               Case No. 3:23-cv-252-TJC-PDB

FIDELITY NATIONAL
INFORMATION SERVICES, INC.,
GARY NORCROSS, JAMES
WOODALL, and STEPHANIE
FERRIS,

    Defendants.

---

NEBRASKA INVESTMENT
COUNCIL, individually and on
behalf of all others similarly
situated,

    Plaintiff,

v.                                                                               Case No. 3:23-cv-504-TJC-PDB

FIDELITY NATIONAL
INFORMATION SERVICES, INC.,
GARY NORCROSS, JAMES
WOODALL, and STEPHANIE
FERRIS,

    Defendants.

# **O R D E R**

This case is before the Court on Nebraska Investment Council, North Carolina Retirement Systems, and North Carolina Supplemental Retirement Plans' ("Plaintiffs") Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel (Doc. 23 in 3:23-cv-252, Doc. 16 in 3:23-cv-504). No other motion for appointment as lead plaintiff or response in opposition has been filed. The Court held a hearing on June 5, 2023, the record of which is incorporated by reference. (Doc. 40 in 3:23-cv-252, Doc. 35 in 3:23-cv-504). Upon review of the case, consolidation is appropriate, Plaintiffs are appropriate Lead Plaintiffs, and Plaintiffs' selection of Lead and Liaison counsel are sufficient.

As this Court has stated previously:

> The PSLRA provides for the appointment as lead plaintiff of "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. § 78u-4 (a)(3)(B)(i). Even when a motion for appointment as lead plaintiff is unopposed, the court must still make this determination on its own. 15 U.S.C. § 78u4(a)(3)(B)(i); Biver v. Nicholas Fin., Inc., No. 8:14-cv-250-T-33TGW, 2014 WL 1763211, at *2 (M.D. Fla. Apr. 30, 2014).
>
> . . . .
>
> The PSLRA also includes a restriction against "professional plaintiffs" serving as lead plaintiffs:
>
>> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions

> brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.
>
> [15 U.S.C.] § 78u-4(a)(3)(B)(vi).

In re Rayonier Inc. Sec. Litig., No. 3:14-CV-1395-J-32JBT, 2015 WL 791149, at *1 (M.D. Fla. Feb. 25, 2015) (Corrigan, J.) (describing the "most adequate plaintiff" requirements). Upon review of the motion and the exhibits, the Court finds that Plaintiffs are the "most adequate plaintiff[s]" and are not barred from service based on the professional plaintiff restriction. See (Docs. 23, 24-1 in 3:23-cv-252).

> Plaintiffs' choice of counsel is also appropriate.
>
> The PSLRA [] provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts have found that the district court "should generally employ a deferential standard in reviewing the lead plaintiff's choices." In re Cendant Corp. Litig., 264 F.3d 201, 274 (3d Cir. 2001); see also Cohen v. U.S. Dist. Court for the N. Dist. of Cal., 586 F.3d 703, 712 (9th Cir. 2009) ("[W]e hold that if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

In re Rayonier Inc. Sec. Litig., 2015 WL 791149, at *2.

Accordingly, it is hereby,

**ORDERED:**

1. Nebraska Investment Council, North Carolina Retirement Systems, and North Carolina Supplemental Retirement Plans' Motion for Consolidation,

3

Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel (Doc. 23 in 3:23-cv-252, Doc. 16 in 3:23-cv-504) is **GRANTED**.

2. Under Federal Rule of Civil Procedure 42, the above-captioned cases are **CONSOLIDATED** for all purposes under Case No. 3:23-cv-252-TJC-PDB and the following caption:

In re Fidelity National Information
Services, Inc. Securities Litigation,

Case No. 3:23-cv-252-TJC-PDB

3. The Clerk should terminate all pending motions in Case No. 3:23-cv-504-TJC-PDB and close the case.

4. While the parties requested that all future related cases filed in this district be automatically added to this docket, each case filed is automatically randomly assigned to a district judge, so it will be incumbent on the parties to file notices of related cases if new related cases are filed in, removed to, or transferred to this District. After reviewing the notice, the Court will then determine if consolidation is appropriate at that time.

5. Nebraska Investment Council, North Carolina Retirement Systems, and North Carolina Supplemental Retirement Plans are **APPOINTED** to serve as Lead Plaintiffs in this Action under 15 U.S.C. § 78u–4(a)(3)(B).

4

6. Nebraska Investment Council, North Carolina Retirement Systems, and North Carolina Supplemental Retirement Plans' selection of Labaton Sucharow LLP as Lead Counsel for the Class and GrayRobinson, P.A. as Liaison Counsel for the Class is **APPROVED** under 15 U.S.C. § 78u–4(a)(3)(B)(v).

7. The parties shall file their proposed case schedule no later than **June 23, 2023**.

**DONE AND ORDERED** in Jacksonville, Florida the 8th day of June, 2023.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

5