# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| IN RE FIDELITY NATIONAL INFORMATION SERVICES, INC. SECURITIES LITIGATION | No. 3:23-cv-252-TJC-PDB<br><br>Honorable Timothy J. Corrigan<br><br>Honorable Patricia D. Barksdale |

### **[PROPOSED] AGREED CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     No person subject to this Order may disclose materials produced, obtained, or adduced in the course of discovery from any party or non-party, including initial disclosures, responses to discovery requests, documents, deposition testimony and exhibits, information derived directly therefrom, or any other information of any kind produced or disclosed in the course of discovery in this action ("Discovery Material") that a party or person has designated as "Confidential" or "Highly Confidential" pursuant to this Order to any other person except as permitted expressly by this Order.

2.     The parties to this litigation agree that the production of any Discovery Material by any non-party to this litigation shall be subject to and governed by the terms of this Order. The party seeking the production of Discovery Material from the non-party shall include in the discovery request a copy of this Order.

1

3.    A party or person that designates any Discovery Material pursuant to this Order shall be referred to as a "Designating Party."

4.    Discovery Materials may be designated as Confidential if the Designating Party reasonably and in good faith believes that the Discovery Materials contain:

(a)    Nonpublic financial information;

(b)    Nonpublic information relating to ownership or control of any nonpublic company;

(c)    Nonpublic business plans, product-development or other developmental information, marketing plans, marketing studies, research, technical information, or other commercially sensitive information;

(d)    Information that reveals trade secrets, proprietary information, or competitively sensitive information;

(e)    Any information of a personal or intimate nature regarding any individual, including personnel or employment records, personal identifiable information ("PII"), or personal health information ("PHI"); or

(f)    Any other category of information given confidential status by the Court or for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.

5.    Discovery Materials may be designated as Highly Confidential if the Designating Party reasonably and in good faith believes that the Discovery

2

Materials are of a particularly proprietary, competitive, and confidential nature such that the disclosure of the Discovery Material may cause significant competitive injury to the Designating Party, thus requiring this additional level of protection.

6.    A party or person producing or disclosing Discovery Material (each, a "Producing Party") may apply redactions to those portions of Discovery Materials consisting of or reflecting PII or PHI, and as otherwise consistent with the Electronic Discovery Agreement and Order.

7.    A Producing Party shall designate Discovery Material as Confidential or Highly Confidential by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected Discovery Material, or any portions thereof, in a manner that will not interfere with legibility or audibility.

8.    A Designating Party may designate deposition exhibits, deposition transcripts, or portions of deposition transcripts as Confidential or Highly Confidential by notifying the reporter and all parties of record, through their counsel, in writing within 30 calendar days after the deposition has concluded of the specific pages and lines of the transcript or other materials that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript or other materials will be responsible for marking the copies of the designated materials in their possession or under their control as directed by the Designating Party. During the 30-day period following a deposition, all parties and any non-parties in possession of the deposition transcript will treat the entire

3

deposition transcript as if it had been designated Highly Confidential. If no such designation is made at the deposition or within this 30-day period, the entire deposition transcript will be considered devoid of Confidential or Highly Confidential information, but any exhibits to such transcript that previously were designated as Confidential or Highly Confidential shall maintain their respective designations.

9.    At any time before the trial of this action, any party or person may designate as Confidential or Highly Confidential any Discovery Material or portions thereof previously produced with a lesser designation or without a designation by notifying all parties in writing. Thereafter, parties must ensure that all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential. In addition, the Producing Party shall provide each other party with replacement versions of such Discovery Material that bears the Confidential or Highly Confidential designation. Any disputes regarding any proposed change in confidentiality designation shall be resolved through the process described in Paragraph 19.

10.    In accordance with Federal Rule of Evidence 502(d), except when a party intentionally and expressly waives attorney-client privilege or work-product protection by disclosing information to an adverse party as provided in Federal Evidence Rule 502(a), the production or disclosure of documents or other information subject to the attorney-client privilege, joint prosecution or joint defense privileges, the work-product doctrine, or any other privilege, protection,

4

or immunity shall not be deemed a waiver of a claim of any privilege, protection, or immunity, either as to the specific information disclosed or as to any other information. If a party produces or otherwise discloses to any party or person that is receiving or obtaining Discovery Material (a "Receiving Party") information that any party claims is subject to a privilege, protection, or immunity, the party claiming the privilege, protection or immunity (the "Claiming Party") shall upon discovery of the disclosure so advise all Receiving Parties in writing and request that the disclosed information be returned, sequestered or destroyed.  Each Receiving Party shall make reasonable efforts to return, sequester or destroy all copies or extracts of the produced information within ten business days of receipt of the request, including any notes or summaries referring or relating to any information claimed to be privileged, and will make no use of the information, including in any motion or briefing before the Court. Each Receiving Party will promptly confirm in writing that these steps have been taken. The Claiming Party shall produce a privilege log with respect to the information.

11.    Any Receiving Party may challenge a claimed privilege, protection, or immunity and shall have the right to seek an order that such information is not protected from disclosure by any privilege, law, or doctrine. The Receiving Party may not, however, assert as a ground for such motion the fact or circumstances of the production. The Claiming Party must preserve the information pending resolution of the privilege challenge and, in the event the Court concludes that the

5

information is not protected from disclosure, provide each Receiving Party with a replacement production.

12.    This Order does not preclude a party from intentionally and expressly waiving the attorney-client privilege or work-product protection. In addition, nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege, protection, or immunity from discovery; or (c) a waiver, admission, or ruling regarding the admissibility in evidence of any document, testimony, or other Discovery Material.

13.    Where a Designating Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)    the parties to this action, their insurers, and counsel to their insurers;

(b)    counsel representing any party in this action, and any paralegal, clerk, contracted support personnel, or other assistant that such counsel employs and assigns to this matter;

(c)    outside vendors or service providers (such as litigation support service providers, copy-service providers, foreign language translators, jury or trial consultants, video support personnel, and document-management consultants) that counsel representing any party in this action hire and assign to this matter, as well as their employees, agents, and subcontractors;

6

(d)    any mediator or arbitrator that the parties engage in this matter or that this Court appoints, as well as their employees, agents, and subcontractors;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document or in its metadata as having received a copy;

(f)    any witness who counsel representing any party in this action believes in good faith may be called to testify at trial or deposition in this action, provided such person has first executed an Acknowledgment And Agreement To Be Bound in the form annexed as Exhibit A hereto;

(g)    any person who a party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (an "Expert Witness") to whom disclosure is reasonably necessary for purposes of this action, and any stenographic, clerical, or technical personnel of such Expert Witness, provided such Expert Witness has first executed an Acknowledgment And Agreement To Be Bound in the form annexed as Exhibit A hereto;

(h)    stenographers, videographers, and other recorders engaged for depositions and their staff;

(i)    the Court, including any appellate court, its support personnel, and court reporters;

(j)    in-house counsel, as well as the legal support staff working on this litigation, including paralegals and contractors; and

(k)    such other persons as ordered by the Court or upon stipulation of the Designating Party.

14.    Where a Designating Party has designated Discovery Material as Highly Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)    the parties to this action, their insurers, and counsel to their insurers, but not if that person, or their employer, business, or company, is currently employed or engaged by any competitor or counterparty of Fidelity National Information Services, Inc. or any of its subsidiaries or affiliates (together, "FIS") as determined by FIS, including any of the companies identified as FIS's "peer group" in any FIS proxy statement ("Peer Companies")[1], unless FIS consents in writing or the disclosing party seeks and obtains approval of the Court;

---

[1] For example, the Peer Companies include the companies identified in FIS's 2024 Proxy Statement, which are: American Express Company, Visa Inc., PayPal Holdings, Inc., Mastercard Incorporated, Fiserv, Inc., Automatic Data Processing, Inc., Block, Inc., DXC Technology Company, Discovery Financial Services, Global Payments Inc., Intercontinental Exchange, Inc., Nasdaq, Inc., Broadridge Financial Solutions, Inc. SS&C Technologies Holdings, Inc., and The Western Union Company.

(b)     counsel representing any party in this action, and any paralegal, clerk, contracted support personnel, or other assistant that such counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as litigation support service providers, copy-service providers, foreign language translators, jury or trial consultants, video support personnel, and document-management consultants) that counsel representing any party in this action hire and assign to this matter, as well as their employees, agents, and subcontractors;

(d)     any mediator or arbitrator that the parties engage in this matter or that this Court appoints, as well as their employees, agents, and subcontractors;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document or in its metadata as having received a copy;

(f)     any witness who counsel representing any party in this action expressly states it intends to notice or subpoena for deposition or call to testify at trial in this action, provided such person has first executed an Acknowledgment And Agreement To Be Bound in the form annexed as Exhibit A hereto, but not if that person, or their employer, business, or company, is currently employed or engaged by any competitor or counterparty of FIS as determined by FIS, including any Peer Company,

9

unless FIS consents in writing or the disclosing party seeks and obtains approval of the Court;

(g)    any Expert Witness to whom disclosure is reasonably necessary for purposes of this action, and any stenographic, clerical, or technical personnel of such Expert Witness,  provided such Expert Witness has first executed an Acknowledgment And Agreement To Be Bound in the form annexed as Exhibit A hereto, but not if that Expert Witness, or their employer, business, or company, is currently employed or engaged by any competitor or counterparty of FIS as determined by FIS, including any Peer Company, unless FIS consents in writing or the disclosing party seeks and obtains approval of the Court;

(h)    stenographers, videographers, and other recorders engaged for depositions and their staff;

(i)    the Court, including any appellate court, its support personnel, and court reporters;

(j)    in-house counsel, as well as the legal support staff working on this litigation, including paralegals and contractors; and

(k)    such other persons as ordered by the Court or upon stipulation of the Designating Party.

15.    If a party or person wishes to make a disclosure of Highly Confidential material requiring FIS's consent as described in Paragraph 14, the party or person shall first provide written notice to counsel for FIS. Such notice shall identify and

10

provide a reasonable description of the person to receive the Highly Confidential materials, the identity of any competitor or counterparty implicated, and the specific materials sought to be disclosed, identified by Bates number. If FIS objects in writing to such disclosure within seven business days after receipt of notice, no disclosure of Highly Confidential materials shall be made unless and until the party or person seeking to make such disclosure obtains the approval of the Court.

16.   Before any party discloses any other party's or other person's Confidential or Highly Confidential Discovery Material to any individual referred to in subparagraphs 13(f), 13(g), 14(f), or 14(g) above, counsel for that party must provide a copy of this Order to such individual, who must sign an Acknowledgement And Agreement To Be Bound in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Counsel must retain each signed Acknowledgement And Agreement To Be Bound and produce it to the party that designated the Discovery Material upon request either before such individual is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

17.   This Order binds the parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential.

11

18.     In filing Confidential or Highly Confidential Discovery Material with the Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential Discovery Material ("Confidential Court Submissions"), the parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. Any party that seeks to file Confidential or Highly Confidential Discovery Material under seal must file an application in accordance with Rule 1.11 of the Middle District of Florida's Local Rules.

19.     A party may challenge the confidentiality designation (including the lack of confidentiality designation) of any Discovery Material produced in this litigation at any time. If the party believes that portion(s) of a document are not properly designated, the party will identify the specific material that it believes is not properly designated, notify the Producing Party and all other parties in writing of its good faith belief that the designation was not proper, and give them an opportunity to review the material and respond in writing or in a meet and confer process within ten business days of such notification. Until the Court rules on the challenge, the parties shall afford the material in question the highest level of protection to which any party has asserted that the material is entitled. In the event that a designation is changed by agreement or by Court Order, the Producing Party shall provide replacement media, images, and associated production information as provided above.

20.     Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any party or person with respect to the use of its own documents or its own information in this action.

21.     Nothing in this Order will prevent any party or person from producing any Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party or person gives written notice to the Designating Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten business days before any disclosure. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Designating Party deems it appropriate to do so.

22.     Each party or person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If unauthorized or inadvertent disclosure occurs, each party or person who has become aware of such disclosure must notify the Designating Party within three business days.

23.    Documents produced in this litigation shall be maintained in a distinct database, separate from any other documents, including those produced by a Producing Party in a separate litigation. A Receiving Party may not co-mingle Confidential or Highly Confidential Discovery Material with materials from any other litigation or matter.

24.    No documents, data or information produced by a Producing Party, other than possible inquiries that do not give context or disclose a Producing Party's Confidential or Highly Confidential information, may be input into any public internet search engine or into any public, non-compartmentalized Artificial Intelligence by the Receiving Party. "Artificial Intelligence" means any system (including computer systems, algorithms, machine learning, and natural language processing) designed to or capable of simulating or approximating human-level intelligence in the performance of designated tasks, such as document review, coding, summarization, and text generation. Artificial Intelligence includes models, APIs, applications, and services such as GPT by Open AI, Bard and Gemini by Google, Bing and Copilot by Microsoft, Claude by Anthropic, Titan and Bedrock by Amazon, and any other proprietary or open-source alternatives, as well as any products and services making use of such technology. It includes both narrow AI, which focuses on specific tasks, and general AI, which possesses human-level intelligence across a broad range of domains. This definition is intended to recognize AI's current capabilities, while encompassing and including future advancements, even if not specifically identified or described herein. The

14

obligations and restrictions of this paragraph apply even where the data or the Confidential or Highly Confidential Discovery Material has been anonymized.

25.    Within 60 calendar days of the final disposition of this action – including all appeals – all recipients of Confidential or Highly Confidential Discovery Material, after a reasonable search, must either return it – including all copies thereof – to the Designating Party, or, upon permission of the Designating Party, destroy such material – including all copies thereof. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain or reference Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or reference Confidential or Highly Confidential Discovery Material remain subject to this Order.

26.    This Order shall take effect when entered and will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

SO ORDERED.

Dated: _____, 2025            _____
                                          Honorable Patricia D. Barksdale
                                          United States Magistrate Judge

15

Respectfully submitted,

/s/Michael P. Canty
Michael P. Canty (*pro hac vice*)
James T. Christie (*pro hac vice*)
Nicholas D. Manningham (*pro hac vice*)
LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
T: (212) 907-0700
F: (212) 818-0477
mcanty@labaton.com
jchristie@labaton.com
nmanningham@labaton.com

*Lead Counsel for Lead Plaintiffs
Nebraska Investment Council, North
Carolina Retirement Systems, and
North Carolina Supplemental
Retirement Plans*

David S. Oliver (FL Bar No. 521922)
GRAY ROBINSON, P.A.
301 East Pine Street
Suite 1400
Orlando, FL 32801
T: (407) 843-8880
F: (407) 244-5690
david.oliver@gray-robinson.com

*Liaison Counsel for Lead Plaintiffs
Nebraska Investment Council, North
Carolina Retirement Systems, and
North Carolina Supplemental
Retirement Plans*

/s/Hille R. Sheppard
Hille R. Sheppard*
John M. Skakun III*
Caroline A. Wong*
Takayuki Ono*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
T: (312) 853-7000
F: (312) 853-7036
hsheppard@sidley.com
jskakun@sidley.com
caroline.wong@sidley.com
tono@sidley.com
*Pro Hac Vice*

Ian M. Ross (FL Bar No. 91214)
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
T: (305) 391-5100
F: (305) 391-5191
iross@sidley.com

R. Eric Bilik (FL Bar No. 987840)
MCGUIREWOODS LLP
50 North Laura Street
Suite 3300
Jacksonville, FL 32202
T: (904) 798-2685
F: (904) 360 6304
ebilik@mcguirewoods.com

*Counsel for Defendants*

16

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE FIDELITY NATIONAL INFORMATION SERVICES, INC. SECURITIES LITIGATION | No. 3:23-cv-252-TJC-PDB<br><br>Honorable Timothy J. Corrigan<br><br>Honorable Patricia D. Barksdale |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned, in connection with Civil Action No. 3:23-cv-252 pending in the United States District Court for the Middle District of Florida, hereby agrees as follows:

1.      I declare under penalty of perjury that I have read the Agreed Confidentiality Order ("Order") in the above-captioned action in its entirety and agree to abide by its terms.

2.      I agree that any Discovery Material or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" which I see, hear, or learn about in connection with this lawsuit, including documents and deposition transcripts, may be used solely for the purpose of this lawsuit and not for any other purpose. I agree not to disclose to any person any such Discovery Material or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" except as specifically authorized by the Order.

17

3.   When this litigation is terminated, I agree to return to the party or any lawyers whom I am assisting any Discovery Material and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and to retain no copies of such materials.

4.   I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.

5.   I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Florida for the purposes of enforcing the terms of this Agreement.

Dated this ____day of_____, 202__

_____
Signature

_____
Name

_____
Company

18