**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

|  |  |
|---|---|
| IN RE FIDELITY NATIONAL INFORMATION SERVICES, INC. SECURITIES LITIGATION | No. 3:23-cv-252-TJC-PDB<br><br>Honorable Timothy J. Corrigan<br><br>Honorable Patricia D. Barksdale |

**DEFENDANTS' MOTION FOR LEAVE TO TAKE DEPOSITION
OF PLAINTIFFS' REBUTTAL EXPERT CHAD COFFMAN**

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), Defendants seek leave to depose Plaintiffs' expert Chad Coffman for up to seven hours, so that Defendants have an opportunity to depose him regarding the 64-page expert rebuttal report that Plaintiffs filed on July 15, 2025.

If the Court grants this motion, Defendants intend to depose Coffman on August 12, 2025, so they can address his testimony in their sur-reply in opposition to class certification.[1]

---

[1] Defendants have requested a sur-reply deadline of August 15, 2025, in their Unopposed Motion for Leave to File a Sur-Reply in Opposition to Motion for Class Certification, filed contemporaneously with this motion. *See* Dkt. 99.

## <u>INCORPORATED MEMORANDUM OF LAW</u>

On March 3, 2025, Plaintiffs filed a motion for class certification, Dkt. 75, along with an initial report from their expert witness Chad Coffman, Dkt. 75-2. Coffman's initial report was 39 pages long and addressed two issues: (i) whether the common stock of Defendant Fidelity National Information Services, Inc. trades in an efficient market, and (ii) whether there is a common methodology for reliably calculating any damages on a class-wide basis. Dkt. 75-2, ¶¶ 7–8. Defendants deposed Coffman on April 10, 2025, regarding topics in his initial report. The deposition lasted 5 hours and 2 minutes.

Defendants filed their brief in opposition to Plaintiffs' class certification motion on May 2, 2025, arguing that Plaintiffs cannot meet Rule 23's predominance requirement because there is a lack of price impact, based on the "mismatch" test under *Goldman Sachs Group, Inc. v. Arkansas Teacher Retirement System*, 594 U.S. 113 (2021). *See* Dkt. 88. Defendants attached an expert report from financial economist Douglas Skinner, who evaluated and opined on certain aspects of the alleged misrepresentations and alleged corrective disclosures in this case, as relevant to the mismatch analysis. *See, e.g.*, Dkt. 88-5, ¶¶ 8–15. None of those issues was addressed in Coffman's initial report.

Plaintiffs filed a reply on July 15, 2025, addressing price impact and *Goldman* for the first time and attaching a 64-page rebuttal report from Coffman. Dkt. 97-2. Coffman's rebuttal report discusses Skinner's report and offers new opinions on price impact, all beyond the scope of Coffman's initial report.

2

Defendants ask the Court for leave to depose Coffman a second time, with the deposition lasting no longer than seven hours under Rule 30. *See Isaac v. RMB Inc.*, 604 F. App'x 818, 821 (11th Cir. 2015); Fed. R. Civ. P. 30(a)(2)(A)(ii). Plaintiffs' reply raises new arguments, including arguments based on the new opinions offered in Coffman's 64-page rebuttal report. Defendants should have an opportunity to depose Coffman regarding those new opinions. *See, e.g.,* *Centennial Bank v. ServisFirst Bank Inc.*, 2019 WL 10375485, at *2 (M.D. Fla. July 26, 2019) (finding good cause to allow a second deposition of individual who was not designated as an expert until after his first deposition); *Moss v. GEICO Indem. Co.*, 2012 WL 2917825, at *2 (M.D. Fla. July 17, 2012) (granting request to depose two witnesses a second time because "counsel should be afforded the opportunity to fairly examine the witnesses with the benefit of [the] documents" disclosed after the initial depositions). Plaintiffs should not be allowed to evade a deposition of their rebuttal expert by selecting an expert who happens to have already submitted a report on other topics earlier in the case.

Plaintiffs have agreed to make Coffman available for a second deposition lasting 2 hours, but that is insufficient. Coffman's 64-page rebuttal report is far longer than his initial report and offers new opinions relating to multiple categories of statements challenged as false or misleading in this case (27 challenged statements total). *See* Dkt. 98-2, ¶ 11. A second deposition up to the full seven hours permitted under Rule 30(d) is appropriate given the scope and length of his rebuttal report.

3

Finally, Defendants' request will promote the interests of fairness and judicial efficiency, by allowing them opportunity to fully respond to Plaintiffs' arguments and create a complete record for this Court to evaluate before reaching a decision on class certification. In addition, as with Defendants' first deposition of Coffman, which lasted approximately 5 hours, Defendants will aim to make efficient use of Coffman's and Plaintiffs' (and their counsel's) time. But a 7-hour deposition may be necessary to adequately explore the issues in Coffman's report given its length and scope, including issues relating to his qualifications, methodology, and basis for the many new opinions he has offered.

## **Local Rule 3.01(g) Certification**

Counsel for Defendants conferred with counsel for Plaintiffs via telephone and email on July 22, 23, 24, and 25, 2025 regarding a second deposition of Chad Coffman. Counsel for Plaintiffs agreed to offer Coffman for a second deposition, but only if the Court grants Defendants' motion for a sur-reply and only if the deposition is limited to two hours since Defendants' first deposition of Coffman was over five hours. Plaintiffs oppose Defendants' request for a second, full-length deposition of Coffman.

Dated: July 25, 2025                         Respectfully submitted,

                                                     */s/ Hille R. Sheppard*
                                                     Hille R. Sheppard*
                                                     John M. Skakun III*
                                                     Caroline A. Wong*
                                                     Takayuki Ono*
                                                     *Admitted under Local Rule 2.01*

4

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
hsheppard@sidley.com
jskakun@sidley.com
caroline.wong@sidley.com
tono@sidley.com

Ian M. Ross (FL Bar No. 91214)
**SIDLEY AUSTIN LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Tel: (305) 391-5100
iross@sidley.com

R. Eric Bilik (FL Bar No. 987840)
**MCGUIREWOODS LLP**
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Tel: (904) 798-2685
ebilik@mcguirewoods.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Hille R. Sheppard*