# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

|  |  |
|---|---|
| IN RE FIDELITY NATIONAL INFORMATION SERVICES, INC. SECURITIES LITIGATION | Case No. 3:23-cv-252-TJC-PDB<br><br>Honorable Timothy J. Corrigan<br><br>Honorable Patricia D. Barksdale |

# LEAD PLAINTFFS' OPPOSITION TO DEFENDANTS' MOTION TO TAKE SECOND DEPOSITION OF LEAD PLAINTIFFS' EXPERT CHAD COFFMAN

Lead Plaintiffs Nebraska Investment Council, North Carolina Retirement Systems, and North Carolina Supplemental Retirement Plans ("Lead Plaintiffs"), respectfully submit this Memorandum in Opposition to Defendants' Motion for Leave to Take a Second Deposition of Lead Plaintiffs' Rebuttal Expert Chad Coffman. *See* ECF No. 100.

## INCORPORATED MEMORANDUM OF LAW IN OPPOSITION

Under the Federal Rules of Civil Procedure, a party must obtain leave of the court to depose a witness who has already been deposed.  Fed. R. Civ. P. 30(a)(2)(A)(ii).  However, "[c]ourts generally disfavor repeat depositions." *United States v. Stinson*, 2016 WL 2784118, at *3 (M.D. Fla. May 13, 2016) (citation omitted). The "party seeking to re-depose a deponent must demonstrate good cause." *Deere Constr., LLC v. CEMEX Constr. Materials Fla., LLC*, 2016 WL 11783300, at *2 (S.D. Fla. Dec. 21, 2016). Here, Defendants have failed to establish good cause to re-depose Lead Plaintiffs' expert for an additional seven hours.  As explained below, Defendants already deposed Mr. Coffman for over five hours—much of which was spent on tangential topics and repeat questions.  Granting Defendants an additional seven hours to depose him a second time is unreasonable given the very limited issues remaining before the Court on Lead Plaintiffs' motion for class certification.

As a brief background, on March 3, 2025, Lead Plaintiffs submitted an expert report from Mr. Coffman in support of their motion for class certification.  ECF No.

75-2.  Defendants deposed Mr. Coffman on April 10, 2025 for just over five hours.[1] Despite this five-hour long deposition, Defendants' opposition to Lead Plaintiffs' motion for class certification did not challenge *any* of Mr. Coffman's opinions or qualifications.  Instead, Defendants only made a limited argument that they have partially rebutted the *Basic* presumption of reliance with respect to certain categories of misstatements alleged in the Complaint (Defendants' "price impact" challenge).  To support their price impact challenge, Defendants attached a report from Douglas Skinner, who offered various opinions on whether the topic of the misstatements "matched" the exact words of the corrective disclosures.

Even if Dr. Skinner's report was relevant to rebutting the presumption of reliance at the class certification stage (it is not, *see generally* ECF No. 97), Dr. Skinner's report was limited, and therefore deficient, in several respects.  First, Dr. Skinner did not even consider whether investors relied on the misstatements at the time they were made—which is the most relevant inquiry when assessing price impact.  Second, Dr. Skinner did not consider any internal FIS documents connecting the misstatements to the corrective disclosures.  Third, Dr. Skinner ignored evidence that the public made the connection between the misstatements and the corrective disclosures.

Lead Plaintiffs' reply in support of their motion for class certification attached a second report from Mr. Coffman.  ECF No. 97-2.  Importantly, though, Mr.

---

[1] Indeed, Defendants chose to spend substantial time asking Mr. Coffman about topics only tangentially related to his expert report like Mr. Coffman's prior employment history, the other employees who work at Peregrine Economics, and the corporate structure of Coffman's prior firm Global Economics Group.

Coffman's report was limited to rebutting Defendants' expert report and pointing out the deficiencies in it.  For example, Mr. Coffman explains that Dr. Skinner does not challenge: (1) that FIS's stock traded in an efficient market; (2) that Mr. Coffman performed a valid event study regression analysis; or (3) Mr. Coffman's finding that damages can be calculated on a class-wide basis.  *Id.*  Then, Mr. Coffman's rebuttal report goes on to explain the deficiencies in Dr. Skinner's report and why it is of limited to no relevance to a price impact challenge.  *Id.*  In other words, Mr. Coffman's rebuttal report does not raise any *new* issues (as Defendants claim in their motion) but rather responds to Defendants' price impact challenge.

Setting aside the question of whether a sur-reply is even needed (Plaintiffs are not opposing a short sur-reply), granting Defendants an additional seven hours would be a massive waste of judicial and party resources in a case where Defendants have already conceded that the Court should grant class certification.  *See* ECF No. 97 at 1, 14.  Given the fact that this case is going to proceed regardless, and that Mr. Coffman was simply responding to Defendants' proposed expert, Lead Plaintiffs do not think there is any justifiable reason for a prolonged second deposition of Mr. Coffman. However, in the spirit of cooperation, Lead Plaintiffs offered to make Mr. Coffman available for a second deposition of two hours without the need for court intervention. Lead Plaintiffs believe this was a reasonable compromise given that Defendants have already deposed Mr. Coffman for five hours and there are few, if any, issues remaining before the Court on this motion for class certification.

Therefore, Lead Plaintiffs respectfully request that the Court deny Defendants' motion for a second deposition of Mr. Coffman, or in the alternative, limit Mr. Coffman's deposition to two hours.

Dated:  July 28, 2025                    Respectfully submitted,

                                         **LABATON KELLER SUCHAROW LLP**

                                         By: */s/ James T. Christie*
                                         Michael P. Canty (*pro hac vice*)
                                         James T. Christie (*pro hac vice*)
                                         Nicholas D. Manningham (*pro hac vice*)

                                         140 Broadway
                                         New York, New York 10005
                                         Telephone: (212) 907-0700
                                         Facsimile: (212) 8180-0477
                                         mcanty@labaton.com
                                         jchristie@labaton.com
                                         nmanningham@labaton.com

                                         *Lead Counsel for Lead Plaintiffs Nebraska*
                                         *Investment Council, North Carolina Retirement*
                                         *Systems, and North Carolina Supplemental*
                                         *Retirement Plans*

                                         **GRAY ROBINSON, P.A.**
                                         John A. Boudet (FL Bar No. 515670)
                                         301 East Pine Street
                                         Suite 1400
                                         Orlando, Florida 32801
                                         Telephone: (407) 843-8880
                                         Facsimile: (407) 244-5690
                                         john.boudet@gray-robinson.com

                                         *Liaison Counsel for Lead Plaintiffs Nebraska*
                                         *Investment Council, North Carolina Retirement*
                                         *Systems, and North Carolina Supplemental*
                                         *Retirement Plans*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2025 I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. This system will send electronic notice of filing to all counsel of record by operation of the Court's electronic filing system.

I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 28, 2025.

/s/ James T. Christie
James T. Christie