**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| IN RE FIDELITY NATIONAL INFORMATION SERVICES, INC. SECURITIES LITIGATION | No. 3:23-cv-00252<br><br>Honorable Timothy J. Corrigan<br><br>Honorable Patricia D. Barksdale |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

ARGUMENT ........................................................................................................ 1

    I.   Defendants Have Rebutted Price Impact Under *Goldman*. .......................... 1

    II.  The Reply's Other Arguments Fail. ........................................................... 4

CONCLUSION ..................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP,*
   623 F. Supp. 3d 470, 509 (E.D. Pa. 2022)...........................................................7

*In re Apache Corp.,*
   2024 WL 532315 (S.D. Tex. Feb. 9, 2024)...........................................................6

*Arkansas Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc.,*
   77 F.4th 74 (2d Cir. 2023) ..................................................................3, 4, 6, 7

*Boston Ret. Sys. v. Alexion Pharms., Inc.,*
   2023 WL 2932485 (D. Conn. Apr. 13, 2023) ........................................................7

*In re Concho Resources Inc. Sec. Litig.,*
   2025 WL 1040379 (S.D. Tex. Apr. 7, 2025) ...............................................5, 6, 7

*Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.,*
   594 U.S. 113 (2021)......................................................................... 1, 2, 3, 7

*Halliburton Co. v. Erica P. John Fund, Inc.,*
   573 U.S. 258 (2014) ...............................................................................5

*In re Kirkland Lake Gold Ltd. Sec. Litig.,*
   2024 WL 1342800 (S.D.N.Y. Mar. 29, 2024)........................................................6

*MacPhee v. MiMedx Grp., Inc.,*
   73 F.4th 1220 (11th Cir. 2023) ....................................................................3

*In re Qualcomm Inc. Sec. Litig.,*
   2023 WL 2583306 (S.D. Cal. Mar. 20, 2023) .......................................................7

**Rules**

Fed. R. Civ. P. 23(c) .................................................................................7

**INTRODUCTION**

The Reply confirms that Plaintiffs have overreached in pursuing an overly broad set of claims, and that class certification should be limited under the Supreme Court's *Goldman* decision. The contents of most of the alleged misstatements and alleged corrective disclosures do not address the same subjects – and Plaintiffs and their expert do not contend otherwise. Instead, they say this doesn't matter because they "alleged" and "assumed" that each statement and disclosure was "related" to the "failure of the Worldpay acquisition" – and therefore there is a "connection" between every alleged misstatement and every alleged corrective disclosure. This retreat to generalized allegations eviscerates *Goldman*. Plaintiffs can always manufacture some "connection" by ignoring the specific contents of the statements and disclosures at issue, and instead crafting a generic overstory about a business's "failure." *Goldman* meant to end that.

Plaintiffs' other arguments are distractions. The Court should apply *Goldman* and enter a certification order that limits the classwide claims to those based on the Goodwill Statements and the last alleged corrective disclosure.

**ARGUMENT**

**I.     Defendants Have Rebutted Price Impact Under *Goldman*.**

It is undisputed that this case is "proceeding under the inflation-maintenance theory." *Goldman*, 594 U.S. at 123.[1] Because they cannot show stock price increases at the time of the alleged misstatements, Plaintiffs are "try[ing] to

---

[1] For brevity, short citations and defined terms follow those used in the Opposition (Dkt. 88).

prove" price impact "indirectly": "They point to a negative disclosure about [FIS] and an associated drop in its stock price; allege that the disclosure corrected an earlier misrepresentation; and then claim that the price drop is equal to the amount of inflation maintained by the earlier misrepresentation," *id. See* Ex. 11 Coffman Dep. 243-47, 254-58 (discussing inflation-maintenance theory, front-end price impact, and back-end price impact). *Goldman* held that, under this theory, price impact exists ***only*** if there is a match "between the contents of the misrepresentation and the corrective disclosure." 594 U.S. at 123. If "there is a mismatch," then the alleged misstatements were not "actually corrected" and there is no price impact. *Id.*; Coffman Dep. 274, 284-85 (agreeing).

There is no dispute that only ***one*** set of alleged misstatements (the Goodwill Statements) and only ***one*** alleged corrective disclosure (the third one) in fact referenced the same subject (goodwill). *Plaintiffs concede that every other alleged misstatement and corrective disclosure referenced different subjects and distinct economic concepts. See* Coffman Dep. 347-53. Further:

- ***Revenue Synergies & Cross Sales Statements:*** Plaintiffs do not deny that (a) these reflect specific amounts of revenue synergies or cross sales, (b) no alleged corrective disclosure provided different amounts, and (c) analysts continued to repeat the allegedly-inaccurate amounts after the last corrective disclosure. *See* Coffman Dep. 320; Reply 9-13.

- ***Worldpay & Market Share Statements.*** The Reply entirely ignores the contents of these statements, thereby waiving any argument about the substantive mismatch. *See* Reply 13-14.

- ***Goodwill Statements.*** Plaintiffs' expert Coffman conceded that "there's nothing in plaintiffs' claims to suggest that the market should have known after the first two alleged corrective disclosures but before the last alleged corrective disclosure that the company should have

2

recorded an impairment charge." Coffman Dep. 333-34.
*See also* Opp. 11-19 & App'x III (comparing statements and disclosures).

The facts thus show there is no "subject matter match," and these alleged misstatements were not "actually corrected" by the alleged corrective disclosures. *Goldman II*, 77 F.4th at 91, 93 (2d Cir. 2023); *see also MiMedx*, 73 F.4th at 1243 (11th Cir. 2023) (disclosures not "corrective" if not about "the subject of the misrepresentation"). Therefore, there is no price impact.

Plaintiffs and their expert do not even attempt to engage with the contents of any particular alleged misstatement or alleged corrective disclosure. Instead, they say that *every* alleged misstatement and *every* alleged corrective disclosure is connected because they are *all* about the same general "relevant truth": the "failure of the Worldpay acquisition." Reply 8-10; Coffman Dep. 295-98 (agreeing price impact opinion is "premised" on "allegation" of this "relevant truth," and that this "relevant truth" is "not specific to any particular alleged misstatement" or "to the contents of any alleged corrective disclosure").

That is exactly the kind of reasoning *Goldman* rejected. The Supreme Court instructed courts to analyze whether "there is a mismatch between the **contents** of the misrepresentation and the corrective disclosure." *Goldman*, 594 U.S. at 123 (emphasis added); *see also* Coffman Dep. 284-85 (conceding "one would want to look at" "the contents"). The Second Circuit, on remand, explained that this requires comparison of the alleged misstatements, "***as written***," to the alleged corrective disclosures, "***as written***." *Goldman II*, 77 F.4th at 89, 100-02

3

(emphasis added). Plaintiffs' creation of a generic "relevant truth," Reply 8, that applies to every alleged misstatement and alleged corrective disclosure – regardless of their actual contents – cannot be squared with *Goldman*. To hold otherwise would make the Supreme Court's mismatch test a dead letter, because in every securities case, plaintiffs can claim that a stock drop was related to a business "failure," and that any challenged statement concealed the "failure."

Plaintiffs' expert illustrates the problem. He acknowledged that he is *assuming*, based on "plaintiffs' allegations," that (a) the alleged misstatements concealed the "Worldpay acquisition was a failure" and (b) the alleged corrective disclosures revealed the "Worldpay acquisition was a failure." Coffman Dep. 249-50 ("So assuming plaintiffs' allegations are true . . . there's an economically coherent causal connection."); *id.* 295-98. In other words, Coffman assumes the "connection" between the alleged misstatements and alleged corrective disclosures. That is not evidence of price impact, it is a manufactured tautology.

Defendants' approach is the only way to give meaning to *Goldman* – and with it the Supreme Court's decade-plus attempt to give securities defendants a meaningful opportunity to rebut the *Basic* presumption and defeat certification. Defendants acknowledge there need not be a "precise match," Reply 9, between the alleged misstatements and the alleged corrective disclosures. But there must be a "closer fit" than Plaintiffs provide here. *See Goldman II*, 77 F.4th at 99 n.11.

## II.    The Reply's Other Arguments Fail.

*First*, Plaintiffs try to escape *Goldman* by labeling a few analyst reports as

4

"direct evidence that investors relied" on certain statements. Reply 5. This is confused and mangles the *Basic* presumption of reliance that Plaintiffs' motion depends on, *id.* at 1. Direct evidence of reliance requires proof that an investor was aware of an alleged misstatement and transacted based on it.[2] *Halliburton II*, 573 U.S. at 267. Such proof is inherently individualized, which is why the Supreme Court created the *Basic* presumption and the legal concept of "price impact" as an "indirect" "alternative" to "proving direct reliance." *Id.* at 268, 281.

Plaintiffs worsen the confusion by also calling these analyst reports "direct evidence of front-end price impact." Reply 6. They are not. Plaintiffs' expert got it right when he acknowledged that front-end price impact requires stock price movement at the time of an alleged misstatement – but Plaintiffs offer no evidence of such price movements. Coffman Dep. 245, 252; *see also Concho*, 2025 WL 1040379, at *11 (well-accepted definition of front-end price impact). Plaintiffs cite no case supporting their misuse of these terms of art.[3] This Court should not be the first to adopt their novel theory.

**Second**, Plaintiffs argue that *Goldman* applies only to "generic" alleged misstatements. Reply 7-8. Courts across the country – including the Second Circuit – have rejected this limitation, holding that *Goldman*'s framework is flexible and applies not only to so-called "genericness" mismatches but also to

---

[2] Plaintiffs do not offer declarations that they relied on these analyst reports. Of course, Nebraska Investment Council could not do so because it never owned FIS stock. For the same reason, it is not even a member of the proposed class. *See* Reply 15 (not contesting this).
[3] Plaintiffs' own cases use the terms correctly, recognizing that direct evidence of reliance is an individualized inquiry, and that front-end price impact requires a price increase. *See* Reply 5-6.

"substantive" mismatches, *i.e.*, mismatches where the statements and disclosures do not address the "same topics." *Goldman II*, 77 F.4th at 94; *see also, e.g., Concho*, 2025 WL 1040379, at *17 (S.D. Tex. 2025);[4] *Kirkland*, 2024 WL 1342800, at *11 (S.D.N.Y. 2024). Plaintiffs ignore this body of law. The cases they cite do not address this, much less adopt Plaintiffs' position. *See* Reply 10-11.

*Third*, Plaintiffs' criticisms of Defendants' expert Skinner fall flat. Reply 10-12. That Skinner did not consider internal FIS documents does not matter because "non-public documents are simply not relevant [] in assessing price impact." *In re Apache Corp.*, 2024 WL 532315, at *6 n.1 (S.D. Tex. Feb. 9, 2024); *see also* Coffman Dep. 347 (agreeing).

And the Financial Times opinion piece "fails to do the work plaintiffs ask of it," *Goldman II*, 77 F.4th at 104 n.16. The piece is not credible, as it references "tens of billions in synergy," a value that is "wildly" off target. Reply 12. Plus, Plaintiffs' expert agreed it does not say that revenue synergies were overstated; indeed, he conceded it is not even clear what the piece was referring to. *See* Coffman Dep. 330-31.[5] At the end of the day, Skinner's finding that analysts continued to report the $750 million in revenue synergies even after the last alleged corrective disclosure stands unrebutted. Skinner Rpt. ¶¶ 92-97; *see also* Coffman Dep. 320 (not disagreeing with Skinner). That is definitive evidence that

---

[4] *Concho* denied certification despite a price impact opinion by the same expert Plaintiffs use.
[5] Moreover, the Reply makes a basic error: it confuses "revenue losses" with "revenue synergies." Reply 10-11. Plaintiffs do not allege that reported *revenue* was ever inaccurate, only that the designation of certain portions of revenue as synergies was inaccurate. *E.g.*, Coffman Dep. 327.

the revenue synergy statements were never "actually corrected" by, and thus don't match, any of the alleged corrective disclosures. *Goldman*, 594 U.S. at 123.[6]

**Fourth**, Plaintiffs assert there can be no mismatch for the generic Worldpay & Market Share Statements because the Court previously declined to dismiss those statements as puffery. Reply 13. But the analysis at class certification is fundamentally different than at the pleading stage, and courts routinely reject such arguments. *E.g., Concho*, 2025 WL 1040379, at *14 n.18.

**Finally**, Plaintiffs argue that because Defendants have not challenged certification of every claim in this case, the Court should certify *all* the claims. Reply 14. This is another overreach. The only case Plaintiffs cite relied on a single pre-*Goldman* decision. *Boston Ret. Sys. v. Alexion Pharms., Inc.*, 2023 WL 2932485, at *12 (D. Conn. Apr. 13, 2023) (quoting *Monroe Cty. Emps.' Ret. Sys. v. Southern Co.*, 332 F.R.D. 370, 395 (N.D. Ga. 2019)). Courts after *Goldman* have rejected this. *E.g., Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 623 F. Supp. 3d 470, 509 (E.D. Pa. 2022) (rejecting *Monroe*); *see also* Opp. 19-20 (collecting other post-*Goldman* cases Plaintiffs ignore); Fed. R. Civ. P. 23(c).

## CONCLUSION

Plaintiffs' Motion should be denied in part, as explained in the Opposition.

---

[6] Nor does it matter that Skinner did not opine on the Worldpay & Market Share Statements. Reply 13-14. The Reply offers no rebuttal to Defendants' "common sense" comparison of the contents of the alleged misstatements and corrective disclosures. *Goldman II*, 77 F.4th at 93. When the mismatch is so evident, expert analysis is not required. *See id.*; *Concho*, 2025 WL 1040379, at *14; *Qualcomm*, 2023 WL 2583306, at *12 (S.D. Cal. 2023).

Dated: August 15, 2025

Respectfully submitted,

*/s/ John M. Skakun III*
Hille R. Sheppard*
John M. Skakun III*
Caroline A. Wong*
Takayuki Ono*
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
T: (312) 853-7000
F: (312) 853-7036
hsheppard@sidley.com
jskakun@sidley.com
caroline.wong@sidley.com
tono@sidley.com
*\*Pro Hac Vice*

Ian M. Ross (FL Bar No. 91214)
**SIDLEY AUSTIN LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
T: (305) 391-5100
F: (305) 391-5191
iross@sidley.com

R. Eric Bilik (FL Bar No. 987840)
**MCGUIREWOODS LLP**
50 North Laura Street
Suite 3300
Jacksonville, FL 32202
T: (904) 798-2685
F: (904) 360 6304
ebilik@mcguirewoods.com

*Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ John M. Skakun III*

9