**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE FIDELITY NATIONAL INFORMATION SERVICES, INC. SECURITIES LITIGATION | Case No. 3:23-cv-252-TJC-PDB<br>Honorable Timothy J. Corrigan<br>Honorable Patricia D. Barksdale |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT .......... 1

STATEMENT OF RELEVANT FACTS .......... 2

ARGUMENT .......... 3

I. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION .......... 3

II. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF LEAD COUNSEL'S FEE AND EXPENSE APPLICATION .......... 5

III. CLAIM SUBMISSIONS TO DATE .......... 5

CONCLUSION .......... 7

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Court's February 18, 2026 order preliminarily approving the proposed Settlement (ECF No. 125, "Preliminary Approval Order"), Lead Plaintiffs Nebraska Investment Council, North Carolina Retirement Systems, and North Carolina Supplemental Retirement Plans (together, "Lead Plaintiffs"), on behalf of themselves and the proposed Settlement Class, and Lead Counsel Labaton Keller Sucharow LLP ("Lead Counsel"), respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 129) and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (ECF No. 130) (together, the "Motions").[1]

## PRELIMINARY STATEMENT

Now that the May 28, 2026 deadline for seeking exclusion from the Settlement Class and the May 28, 2026 deadline for objecting have passed, Lead Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application has been overwhelmingly positive. A total of 850,280 Postcard Notices and 122 Notice and Claim Forms ("Notice Packets") have been mailed to potential Settlement Class Members or their nominees through June 16, 2026, and there have been ***no objections*** and ***only three*** requests for exclusion from the Settlement Class (two of which are invalid). *See* Supplemental Declaration of Lance Cavallo, dated June 17, 2026, at ¶¶2,

[1] All capitalized terms used herein are defined in the Stipulation and Agreement of Settlement (ECF No. 120-2), and have the same meanings as set forth therein.

8-12, filed herewith ("Supp. Mailing Decl.").

Accordingly, Lead Plaintiffs and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees and expenses.

## STATEMENT OF RELEVANT FACTS

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has mailed 850,402 copies of the Postcard Notice/Notice Packet to all potential Settlement Class Members and/or their nominees identified to date. *See* Supp. Mailing Decl. at ¶2. Further, the Claims Administrator caused the Summary Notice to be published in *Investor's Business Daily* and released over the internet via *PR Newswire. See* Declaration of Lance Cavallo Regarding (A) Dissemination of Postcard Notice; (B) Publication of Summary Notice; (C) Establishment of Telephone Hotline and Settlement Website; and (D) Report on Requests for Exclusion Received to Date, dated May 13, 2026 ("Initial Mailing Decl."), ECF No. 131-5 at ¶10. In addition, copies of the long-form Notice, Claim Form, Stipulation, and other Court documents were posted on the website maintained for the Settlement, www.FISSecuritiesSettlement.com, as well as the website of Lead Counsel.

On May 14, 2026, pursuant to the schedule set in the Preliminary Approval Order, Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Motions. Those papers—which are available on the public docket (*see* ECF Nos. 129-131), www.FISSecuritiesSettlement.com, and Lead Counsel's firm website—

described Lead Plaintiffs' and Lead Counsel's views of the Settlement, the Plan of Allocation, work performed in this litigation, and the fee and expense awards requested.

To date, no objections have been filed with the Court or received by the Claims Administrator or Lead Counsel. *See* Supp. Mailing Decl. at ¶12. Three requests for exclusion have been received, only one of which (Exclusion Request No. 2) was both timely and valid.[2] *Id.* at ¶¶8-11, Exs. A & B.

To date, 732,451 Claims have been received by the Claims Administrator. *Id.* at ¶5. The processing and review of Claims are ongoing, however the Claims Administrator reports that it has provisionally determined that of the 732,451 Claims received to date, approximately 410,379 are valid, approximately 5,281 are deficient, and approximately 316,791 have no Recognized Loss according to the proposed Plan of Allocation. *Id.* at ¶6. The Claimants with rejected Claims will be given an opportunity to cure any deficiencies. The 410,379 Claims that are provisionally valid represent total Recognized Losses of approximately $11,535,691,985.77. *Id.*

## ARGUMENT

### I. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

Following a thorough notice program, no Settlement Class Member objected to

[2] Exclusion Request No. 1 is not valid as it was not submitted by a Settlement Class Member. *See* Initial Mailing Decl. at ¶14, Ex. D. Exclusion Request No. 2 is both timely and valid. Supp. Mailing Decl. at ¶9, Ex. A. Exclusion Request No. 3 was untimely. *Id.* at ¶10, Ex. B.

any aspect of the Settlement or the Plan of Allocation. Courts in this Circuit have held that the "reaction of the class is an important factor in determining whether a proposed settlement is fair, reasonable, and adequate." *See, e.g.*, *In re Health Ins. Innovations Sec. Litig.*, 2021 WL 1341881, at *9 (M.D. Fla. Mar. 23, 2021), *report and recommendation adopted*, 2021 WL 1186838 (M.D. Fla. Mar. 30, 2021) (citing *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005)). Indeed, this Court has held that the lack of any objections to a proposed settlement "weighs heavily in favor of the Settlement being fair and reasonable…." *Id.*; *see also Edge v. Fernandez*, 2026 WL 937243, at *3 (M.D. Fla. Apr. 7, 2026) (granting final approval of settlement after "[a] full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon, and no objections were filed."); *Malespin v. Longeveron Inc.*, 2023 WL 11820921, at *4 (S.D. Fla. Oct. 16, 2023) (finding the lack of any objections to the settlement "is further evidence of how beneficial it is to the Settlement Class Members.").

The absence of objections from institutional investors or pension funds is also noteworthy. That these sophisticated Settlement Class Members—who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—have not objected to the Settlement (or the Plan of Allocation) provides further evidence of the fairness of the Settlement.

The lack of objections from Settlement Class Members also supports approval of the proposed Plan of Allocation. *See Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL

10518902, at *4 (S.D. Fla. 2016) (finding lack of objections to support approval of proposed plan of allocation).

Similarly, the low number of requests for exclusion reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval thereof. Here, there were only three requests for exclusion, of which only one is valid and timely. *See* Supp. Mailing Decl. at ¶¶8-11, Ex. A; s*ee, e.g.*, *Grant v. Ocwen Loan Servicing, LLC*, 2019 WL 367648, at *8 (M.D. Fla. Jan. 30, 2019) ("The low opt-out and objection rates weigh in favor of granting final approval to the Settlement.").

## II. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF LEAD COUNSEL'S FEE AND EXPENSE APPLICATION

Not one Settlement Class Member has objected to Lead Counsel's motion for an award of attorneys' fees or payment of Litigation Expenses. The fact that there have been no objections is strong evidence that the fee and expense request is fair and reasonable. *See, e.g.*, *In re Friedman's, Inc. Sec. Litig.*, 2009 WL 1456698, at *3 (N.D. Ga. May 22, 2009) ("The lack of numerous objections is evidence that the requested fee is fair."); *see also Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991) ("pertinent factors are … whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel").

## III. CLAIM SUBMISSIONS TO DATE

The notices and Claim Form notified Settlement Class Members that, in order to qualify for a payment from the Net Settlement Fund, a Claim with supporting documentation must be submitted to the Claims Administrator by May 28, 2026. As

of June 16, 2026, the Claims Administrator has received approximately 732,451 Claims. *See* Supp. Mailing Decl. at ¶5. Accordingly, approximately 86% of the notices have converted to Claims. Of the Claims received through June 16, 2026, 727,353 were submitted electronically by institutions and third-party filers; 762 Claims were submitted by mail/email; and 4,336 Claims were submitted through the Website's Claim submission portal. *Id.* at ¶5.

Claim processing and reviewing is ongoing, and subject to further analysis, quality assurance reviews, audits, and change as Claimants are notified of deficiencies in their Claims and given an opportunity to cure the deficiencies and conditions of ineligibility. *Id.* at ¶7. Of the 732,451 Claims that the Claims Administrator has received to date, it has provisionally determined that 410,379 are valid, 5,281 are deficient, and 316,791 have no Recognized Loss when calculated in accordance with the proposed Plan of Allocation. *Id.* at ¶6. Claimants with rejected Claims will be given an opportunity to cure any deficiencies. *Id.* The provisionally valid Claims calculate to a total Recognized Loss amount of approximately $11,535,691,985.77 pursuant to the formulas in the Plan of Allocation. *Id.* Given the 86% conversion rate cited above and the level of losses, Lead Counsel believes that the Claims submitted to date capture a very large proportion of the Settlement Class. This is a remarkable result that strongly supports the effectiveness of the notice program, the positive reaction of the Settlement Class, and the very favorable result obtained for Settlement Class Members.

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys' fees and payment of expenses. Three proposed orders are being submitted herewith: a proposed Final Order and Judgment, negotiated by the Parties; a proposed Order Approving Plan of Allocation; and a proposed Order Awarding Attorneys' Fees and Litigation Expenses.

Dated: June 18, 2026

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

By: */s/Michael P. Canty*
Michael P. Canty (*pro hac vice*)
James T. Christie (*pro hac vice*)
Nicholas D. Manningham (*pro hac vice*)

140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 8180-0477
mcanty@labaton.com
jchristie@labaton.com
nmanningham@labaton.com

*Lead Counsel for Lead Plaintiffs Nebraska Investment Council, North Carolina Retirement Systems, and North Carolina Supplemental Retirement Plans*

**GRAYROBINSON, P.A.**
John A. Boudet (FL Bar No. 515670)
301 East Pine Street

Suite 1400
Orlando, Florida 32801
Telephone: (407) 843-8880
Facsimile: (407) 244-5690
john.boudet@gray-robinson.com

*Liaison Counsel for Lead Plaintiffs Nebraska Investment Council, North Carolina Retirement Systems, and North Carolina Supplemental Retirement Plans*

## LOCAL RULE 3.01(G) CERTIFICATE

I HEREBY CERTIFY that I have conferred with counsel for Defendants in the Action and they do not oppose the relief requested by this motion.

I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 18, 2026.

*/s/ Michael P. Canty*
Michael P. Canty

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 18, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. This system will send electronic notice of filing to all counsel of record by operation of the Court's electronic filing system.

I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 18, 2026.

*/s/ Michael P. Canty*
Michael P. Canty